EQUILEASE CORPORATION

v.

JEFFERSON BANK.

Civ. A. No. 80–1699.

United States District Court,
E. D. Pennsylvania.

Oct. 8, 1980.

Gary B. Vernick, Bernstein & Fox, P. C., Philadelphia, Pa., for plaintiff.

Edward M. Dunham, Jr., Spector, Cohen, Hunt & Rosen, P. C., Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Equilease has brought an action against the Jefferson Bank for payment on an irrevocable commercial letter of credit allegedly issued by the bank. Before the court is the bank's motion for leave to file a third–party complaint. F.R.Civ.P. 14(a). The motion is granted in part and denied in part.

The allegations to date suggest the following: Equilease and a Pennsylvania partnership, Green Run Associates, entered into a Loan and Security Agreement which provided for payment on a letter of credit upon the default of Green Run. Limited partners of Green Run, Leo and Florrie Janus, secured a letter of credit from the bank's then vice president, Robert B. Hughes, III. Green Run defaulted, and when Equilease presented the letter of credit to the bank, the bank refused to pay.

The bank now wishes to implead the Januses, Hughes, Green Run, and Green Run's general partner, as third–party defendants. The court's approval is necessary, as the bank has waited for more than ten days after filing its original answer. F.R.Civ.P. 14(a).

Under Rule 14 of the Federal Rules of Civil Procedure, this impleader is permissible if, upon a finding of the bank's liability to Equilease, the proposed defendants would be liable to the bank. That the proposed defendants may be liable to Equilease is irrelevant. See generally, 3 Moore's Federal Practice ¶ 14.15 at 14–373. In the latter circumstance, Equilease may seek to initiate the action, not the bank.

Thus, assuming the bank's liability, the issue is whether the proposed complaint alleges "secondary" liability on the part of the third–party defendants to the bank.

The bank alleges that Hughes, its erstwhile vice president, failed to secure the requisite evidence of the Januses' indebtedness to the bank in return for the letter of credit. The complaint alleges that Hughes injured the bank by conspiring with others to defraud the bank, or acting negligently, or performing acts *ultra vires*. The Januses are named as co–conspirators. Here, the proposed complaint adequately alleges liability to the bank.[1]

However, it is inadequate to allege, as the bank proposes to do, that Green Run and its general partner William Meritz are liable to the issuer bank simply because they were secured by the letter of credit. Due to the alleged default, Green Run and Meritz may be liable to Equilease, but that is insufficient for a Rule 14 impleader. For it was the Januses, it is alleged, who obtained the letter of credit, and from whom the bank should have obtained collateral. Jefferson Bank's proposed complaint is silent as to alleged injury caused by Green Run and Meritz to the bank.

Thus, in an accompanying order, the motion of defendant Jefferson Bank for leave to file the third–party complaint is granted as to Robert B. Hughes, III, Leo and Florrie Janus, and denied as to William Meritz and Green Run Associates.

---

1. The Januses were, in the words of the Uniform Commercial Code, the "customers" and it is as against them that the bank may have the right of reimbursement. See Uniform Commercial Code §§ 5–103(1)(g) and 5–114(2).